UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| COMMONWEALTH OF MASSACHUSETTS *ex rel.* BRANDON MICHAEL HAYES, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 25-cv-12881-ADB |
| CITY OF BOSTON, MICHELLE WU, ANDREA JOY CAMPBELL, and BOSTON CITY COUNCIL, | * | |
| Defendants. | * | |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Before the Court are sixteen filings by Plaintiff, [ECF Nos. 6, 14, 16, 27–32, 34–40], of

which seven are captioned as motions, [ECF Nos. 14, 28–30, 32, 36, 38], seven are captioned as

notices or notes, [ECF Nos. 6, 16, 27, 34, 35, 37, 40], one is captioned as a "transmittal index,"

[ECF No. 31], and one is a reply in support of Plaintiff's motion to disqualify counsel, [ECF No.

39].

At the outset, the Court advises Plaintiff that the only way to receive electronic filing

access is to file the proper motion, directions for which were included in the Court's electronic

order on October 24, 2025, [ECF No. 17].

Plaintiff's Motion to Take Judicial Notice of Ministerial Default and Renewed Demand

for CM/ECF Parity, [ECF No. 14], is **DENIED**.  All filings submitted by Plaintiff were docketed

by the Clerk within a reasonable time after receipt, and any delay in docketing that may have occurred did not result in any procedural or substantive consequences.

Plaintiff's Motion to Consolidate, [ECF No. 28], is **DENIED**.  The decision whether to consolidate an action pursuant to Rule 42(a) of the Federal Rules of Civil Procedure is within the Court's discretion.  See, e.g., Town of Norfolk v. EPA, 134 F.R.D. 20, 21–22 (D. Mass. 1991).  Because the factual and legal questions do not overlap sufficiently for consolidation to promote judicial economy, the Court concludes that consolidation of the cases referenced in the motion with this action is not appropriate.

Plaintiff's Motion for Writ of Quo Warranto, [ECF No. 29], is **DENIED**.  Only a party who has a "personal interest in the office" may seek a writ of quo warranto.  Newman v. United States ex rel. Frizzell, 238 U.S. 537, 551 (1915).  In other words, in quo warranto actions concerning public offices, courts have never recognized standing for anybody other than one who is asserting his or her own right to occupy that office.  See Andrade v. Lauer, 729 F.2d 1475, 1498 (D.C. Cir. 1984).  Even assuming Plaintiff has standing to seek a writ of quo warranto, he has not complied with the necessary procedures.  See Bessent v. Dellinger, 145 S. Ct. 515, 517 (2025) (Gorsuch, J., dissenting) (collecting cases).  Because "there are so many reasons of public policy against permitting a public officer to be harassed with litigation over his [or her] right to hold office," Newman, 238 U.S. at 546, there are "a series of obstacles in the path of any plaintiff" who seeks a writ of quo warranto, including the requirements that the action be brought in the District Court for the District of Columbia and that the plaintiff "first apply to the Attorney General or the United States Attorney to bring the action on his behalf." Andrade, 729 F.2d at 1498.  For the foregoing reasons, this Court cannot issue the writ that

Plaintiff seeks, and, in any case, is skeptical that Plaintiff has standing to seek the writ from any other federal court.

Plaintiff's Motion for Recusal and Vacatur, [ECF No. 30], is **<u>DENIED</u>**.  28 U.S.C. § 455 requires a judge to disqualify herself under a variety of circumstances, including any which would result in the possibility of her impartiality "reasonably be[ing] questioned."  The longstanding test is whether the facts "create a reasonable doubt concerning the judge's impartiality, not in the mind of the judge h[er]self or even necessarily in the mind of the litigant filing the motion under 28 U.S.C. § 455, but rather in the mind of the reasonable man."  <u>United States v. Cowden</u>, 545 F.2d 257, 265 (1st Cir. 1976).  There is no reason to conclude that the Court's impartiality could reasonably be questioned in this case.  Relief under Rule 60(b)(4) of the Federal Rules of Civil Procedure is discretionary.  Because the Court's past decisions in this action were not affected by any documents that may have been missing, the Court declines to vacate any of its prior orders.  The Clerk will update the cause of action on the docket as necessary to reflect the cause pleaded in the Complaint.

Plaintiff's Motion for Entry of Default, [ECF No. 32], is **<u>DENIED</u>**.  Default can only be entered against parties that have been served.  Plaintiff cannot serve parties that have not been named in the Complaint, <u>see</u> [ECF No. 1 at 1], or otherwise brought into the action consistent with the Federal Rules of Civil Procedure, so the motion for default is denied as to parties not named in the Complaint.  Because the parties named in the Complaint have either answered or filed a pending motion for an extension of time, default is not warranted and the motion for default is therefore denied.

Plaintiff's Motion to Recognize First-In-Time Mailing and Constructive Filing, [ECF No. 36], is **<u>DENIED</u>** as moot.  Having reviewed the papers that Plaintiff seeks to have recognized as

first-in-time, the Court does not find reason to reconsider its approval of Defendants' request for additional time to answer, [ECF No. 24].

Plaintiff's Motion for Nunc Pro Tunc Correction and Motion to Vacate, [ECF No. 38], is **DENIED**. All of the materials referenced in this motion have since been docketed. If Plaintiff wishes to avoid the delays that naturally result from the process of docketing cumulative physical submissions, he should file the proper paperwork for electronic filing. As noted above, the Clerk will update the cause of action on the docket. The Court has reviewed the additional filings that Plaintiff argues support his motion for disqualification of counsel for Defendant Attorney General Campbell and finds no reason to reconsider its decision on that motion.

The Court has received and read the various notices, notes, and "transmittal index" that Plaintiff has filed. If he wishes action to be taken based on those notices, he must file a motion that clearly states the remedy sought and the legal basis for the remedy.

Finally, Plaintiff's reply to Defendant's opposition to his motion to disqualify counsel for Attorney General Campbell, [ECF No. 39], is acknowledged. The Court does not find reason to reconsider its denial of Plaintiff's original motion.

**SO ORDERED.**

December 3, 2025

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE